UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA; BOARD OF TRUSTEES OF THE TEAMSTERS CONVENTION INDUSTRY TRAINING FUND<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL CONVENTION SERVICES, LLC<br><br>Defendant. | Case No. 2:22-cv-00512-RFB-DJA<br><br>**ORDER** |

### I.   INTRODUCTION

Before the Court is the Plaintiffs' Motion for Default Judgment. ECF No. 22. For the following reasons the Motion for Default Judgment is granted.

### II.   PROCEDURAL BACKGROUND

Plaintiffs are the Board of Trustees of the Teamsters Local 631 Security Fund for Southern Nevada and Trustees of the Teamsters Convention Industry Training Fund.  On March 22, 2022, Plaintiffs commenced this action, filing a complaint alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). ECF No. 1. Plaintiffs allege the Defendant failed to timely remit employee benefit contributions as set forth in a collective bargaining agreement. On October 24, 2022, Defendant National Convention Services LLC filed an Answer. ECF No. 7. On November 7, 2022, Plaintiffs filed a Motion to Strike the Answer. ECF No. 8.

On March 24, 2023, Magistrate Jude Daniel J. Albregts held a motion hearing regarding

the Motion to Strike. ECF No. 18. He granted the motion because the defendant-corporation did not appear via counsel. The defendant was given 30 days to retain counsel and file an answer. He noted there had already been a long delay in the case, so there would be no further extension of time. Additionally, he informed the parties that he would grant a default judgment if there was no pleading filed. Id.

On April 28, 2023, Plaintiffs entered a Motion for Entry of Clerk's Default. ECF No. 19. On May 19, 2023, the Plaintiffs entered a Notice of Non-opposition. ECF No. 20. On September 20, 2023, the Clerk of Court filed an Entry of Default. ECF No. 21.

On October 23, 2023, the Plaintiffs filed a Motion for Default Judgment. ECF No. 22. On January 17, 2024, the Plaintiffs field a Notice of Non-opposition. ECF No. 24.

### III. LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, the entry of default is only proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the complaint. Fed. R. Civ. P. 55(a). There is no right to a default judgment and its entry is entirely within the discretion of the district court. See Draper v. Coombs, 792 F.2d 915, 925 (9th Cir. 1986). Defaults are generally disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). Additionally, courts will attempt to resolve motions for entry of default "so as to encourage a decision on the merits." See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

The granting of a default judgment is a two-step process. Eitel, 782 F.2d at 1471. The first step is an entry of default, which must be made by the clerk following a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

The second step is entry of a default judgment. See Fed. R. Civ. P. 55(b). Either the clerk enters judgment in cases where the plaintiff's claim is for a certain sum or where a sum can be made certain by computation, or the party must apply to the Court for default judgment. See Fed. R. Civ. P. 55(b)(1)-(2). Factors which a court, in its discretion, may consider in deciding whether

to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471-72.

If an entry of default is made, the court accepts all well-pleaded factual allegations in the complaint as true. However, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). However, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

### IV. DISCUSSION

The Court now turns to the merits of the motion. Plaintiffs' motion is addressed to the Court. Therefore, the Court finds that the motion is brought pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiff obtained the clerk's default.

#### a. Default

The Court first determines whether the Eitel factors weigh in favor of granting judgment in favor of the Plaintiff. In doing so, the Court concludes that default judgment against Defendant National Convention Services, LLC ("NCS").

The first and sixth factors weigh in favor of granting default judgment because NCS has failed to properly defend itself in this case. The defendant has not filed an answer, motion to dismiss, or otherwise appeared in this action since its appearance in the March 24, 2023, hearing before Judge Albregts. During that hearing, Judge Albregts struck the defendant's answer, and allowed the defendant 30 days to retain counsel and file an answer. The parties were warned that a default judgment would be entered if there was no pleading filed. As noted, no pleading has been filed. The defendant's failure to defend itself prejudices Plaintiff by preventing it from determining liability. Further, the defendant's failure to appear for a substantial period of time, even after being forewarned of the consequences of a lack of action, demonstrates the lack of excusable neglect.

The second and third factors also weigh in favor of granting default judgment. Upon default, the factual allegations of the complaint, except those relating to the amount of damages, is taken as true. See NewGen, Ltd. Liab. Co. v. Safe Cig, Ltd. Liab. Co., 840 F.3d 606, 617 (9th Cir. 2016) (citing Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)). Plaintiff's complaint raises an Employee Retirement Income Security Act of 1974 ("ERISA") claim and alleges that NCS failed to meet its obligation to timely remit employee benefit contributions. NCS employed individuals covered by a collective bargaining agreement ("CBA") between NCS and the International Brotherhood of Teamsters Local 631 ("Union").  The CBA requires NCS to make employee benefit contributions to the Plaintiff Trust Funds, on behalf of covered employees, as established by Trust Agreements ("Trust Agreements"). NCS failed to meet its obligation to remit employee benefit contributions.

The fourth factor neither weighs in favor or against default judgment. The complaint requests unpaid contributions, liquidated damages, interest, court costs and attorney's fees as demanded by ERISA and the Trust Agreements. Plaintiff does not indicate what this amount would be in total. The fifth factor weighs against granting default judgment as the Court anticipates that there would likely be a dispute concerning material facts.

Finally, while the seventh factor generally counsels against the granting of default judgment, the Defendant's failure to follow court orders prevents this Court from determining the ERISA claim against NCS on its merits.

Accordingly, the Eitel factors weigh in favor of the entry of default judgment against NCS.

### b. Damages

The Court now determines the scope of damages to award. Plaintiff argues that the damages due are dictated by ERISA and total $98,991. The Court agrees.  ERISA provides that for actions like this one, "the court shall award the plan" the following:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>     i.   interest on the unpaid contributions, or
>     ii.  liquidated damages provided for under the plan in an amount not in excess of 20 percent[,]

(D) reasonable attorney's fees and costs of the action[,] and
(E) Such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Interest is to be calculated using the rate provided under the plan or, if none, the rate proscribed at 26 U.S.C. § 6621. See 29 U.S.C. § 1132(g). Plaintiffs have provided competent evidence that the unpaid contributions total $16,233. The governing documents do not provide liquidated damages but do provide for 18% per annum interest, yielding $20,053 for the 861 days since the audit. Plaintiffs have provided competent evidence that their attorney's fees total $31,407 and their costs total $6,245, or a combined $37,652. Finally, Plaintiffs' have shown the trust fund provides for $5,000 for costs of collection. Thus, the equation (A) + (B) + (C) + (D) + (E) produces $16,233 + 20,053 + 20,053 + $37,652 + $5,000 which totals to $98,991. While Rule 55 permits the Court to conduct additional hearings to determine the amount of damages, Fed. R. Civ. P. 55(b)(2)(B), the Court finds it has sufficient evidence to determine the scope of damages to award here.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that the (ECF No. 22) Motion for Default Judgement is **GRANTED**. The Clerk of the Court will enter judgment in the amount of $98,991 for the Plaintiffs and against Defendant National Convention Services, LLC.

**IT IS FURTHER ORDERED** that Clerk of Court will **CLOSE** this case.

**DATED:** September 30, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**